# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America
v.
Jeremy J. Ogle

Case No: 3:08-CR-125-002
USM No: 32303-074

Date of Original Judgment: 11/5/2010
Date of Previous Amended Judgment:

Jonathan Moffatt
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____ .

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 6/26/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:08-CR-125-KAC-JEM-2 |
| JEREMY J. OGLE, | ) ) ) | |
| Defendant. | ) | |

## **ANALYSIS**

This case is before the Court on Defendant Jeremy Ogle's (2) Motion, which seeks a reduction of his sentence under "the new guideline laws that was passed Nov. 1, 2023" [Docs. 139 at 1; 143]. On November 5, 2010, the Court sentenced Defendant to 240 months' imprisonment for (1) armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2; (2) using or carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(B)(i) and 2; and (3) carjacking, in violation of 18 U.S.C. §§ 2119 and 2 [Doc. 85 at 1-2]. In his motion, Defendant asks the Court to reduce his sentence under Part A of Guideline Amendment 821 based on the "2 points" he was assessed for "being on a 5 year state probation" [Doc. 139 at 1]. The Court appointed counsel under Standing Order 23-06, and counsel "determined that it will not file a supplemental motion" [Doc. 143 at 1]. The United States opposes Defendant's Motion [Doc. 144 at 1].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

2

Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Commission policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.*

As is relevant here, Amendment 821 amended Section 4A1.1 of the Guidelines:

> Section 4A1.1 is amended—
> by striking subsection (d) as follows:
> "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
> by redesignating subsection (e) as subsection (d);
> and by inserting at the end the following new subsection (e):
> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.".

U.S. Sent'g Comm'n, Amendment 821 (2023).

Here, Defendant is ineligible for a sentence reduction under Section 4A1.1. When sentenced, Defendant had a subtotal criminal history score of seventeen (17) before the addition of any status points related to his status on probation at the time the offense

3

occurred [Presentence Investigation Report ("PSR") ¶ 64[1]]. The then-existing text of Section 4A1.1 required the addition of two (2) status points because Defendant committed the instant offense while under a criminal justice sentence [*Id.* ¶ 65]. Defendant's criminal history category was six (VI) [*Id.* ¶ 67]. Under Amendment 821 and the current text of Section 4A1.1(e), Defendant would receive only one (1) additional criminal history point for committing the instant offense while under a criminal justice sentence instead of the two (2) he originally received [*See* PSR ¶ 64-67]. *See* U.S.S.G. § 4A1.1(e). This reduction, however, would result in an amended criminal history score above thirteen (13), leaving Defendant's criminal history category unchanged at six (VI) [*Id.*]. Without a change to Defendant's criminal history category, there is no change to his sentencing range. *See* 18 U.S.C. 3582(c)(2). Therefore, Defendant is ineligible for a sentence reduction. *See id*.

---

[1] The PSR in this case was not docketed, but it is on file with the Court.